**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JEFFREY RAHIEM CHAMBERS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil No. 22-1477** |
| | ) | **Judge Marilyn J. Horan/** |
| **v.** | ) | **Magistrate Judge Cynthia Reed Eddy** |
| | ) | |
| **MELINDA ADAMS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION and ORDER**</u>

This case has been referred to United States Magistrate Judge Cynthia Reed Eddy for

pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and

Rule 72 of the Local Rules for Magistrate Judges.  On July 31, 2023, the Magistrate Judge issued

a Report and Recommendation, ECF No. 50, recommending that Defendants Melinda Adams's

and Karen Feather's Motion to Dismiss, ECF No. 32, be granted and that the claims asserted

against them be dismissed with prejudice

Mr. Chambers was informed that Objections to the Report and Recommendations were

due by August 18, 2023.  On August 10, 2023, Mr. Chambers sought an extension of time to

file his Objections and the deadline was extended to October 17, 2023.  ECF Nos. 51 & 52.  Mr.

Chambers timely filed Objections on October 16, 2023, to which the Corrections Defendants

filed a Response.  ECF Nos. 53 & 55.

The filing of timely objections requires the district judge to "make a de novo

determination of those portions of the report . . . to which objection is made."  28 U.S.C. §

636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and

recommendations made by the magistrate judge."   28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3).  For the reasons that follow, after *de novo* review, the Court finds that Mr. Chambers'

Objections do not undermine the recommendation of the Magistrate Judge.  The Motion to

Dismiss will be granted and the Report and Recommendation will be adopted as the Opinion of

the Court, as supplemented herein.

Mr. Chambers objects to: (a) the recommendation to dismiss all claims against the

Corrections Defendants; (b) the recommendation that Mr. Chambers be denied leave to amend;

and (c) a statement as to the alleged personal involvement of Defendant Feather in medical

decisions.

### I. Recommendation to Dismiss all Claims

Mr. Chambers argues that the Magistrate Judge erred in recommending dismissal of his

claims asserted against the Corrections Defendants.  He argues that he has alleged that each of

the Corrections Defendants "had knowledge of and acquiesced in their subordinates' violations

and unconstitutional conduct," which supports that he has stated a claim.  Obj. 2. The only

evidence before the Court showing that the Commonwealth Defendants had knowledge are Mr.

Chambers' grievances.  With respect to his grievances, however, Mr. Chambers acknowledges

that "the filing of a grievance is *not* sufficient to show the actual knowledge necessary for a

defendant to be found personally involved in the alleged unlawful conduct."  *Mearin v. Swartz*,

951 F.Supp.2d 776, 782 (W.D. Pa. 2013) (emphasis added) (quoted at Obj. 2).  Instead, he

argues that "grievances and letters from [an] inmate about his medical condition put wardens,

officials and doctors on notice of his medical problem."  Obj. 2 (citing *Jett v. Penner*, 439 F.3d

1091, 1098 (9th Cir. 2006) and *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999)).

Furthermore, he states that knowledge may also arise from "prior therapist and physicians []

letters and reports[sent] to prison doctors and officials describing the Plaintiffs current medical status."  Obj. 2 (citing *Greason v. Kemp*, 891 F.2d 829, 831–32 (11th Cir. 1990)).

In *Jett*, the plaintiff "wrote and sent via institutional mail advising of his fractured thumb and need to see an orthopedist." *Jett*, 439 F.3d at, 1093.  The Ninth Circuit held that the plaintiff was "entitled to an inference at the summary judgment stage that [Prison Doctor] and Warden [] received the letters he swore he sent to them" asking for help. *Jett*, 439 F.3d at 1098.  Similarly, in a later case, the Ninth Circuit found, also at the summary judgment stage, that the Warden's "failure to respond to [plaintiff's] request for medical help when faced with information that he was not receiving medical attention constituted deliberate indifference. *Chandler v. Guttierrez*, 773 F. App'x 921, 922–23 (9th Cir. 2019) (citing *Jett*, 439 F.3d at 1098).  Finally, in *Reed v. McBride*, the summary judgment record "indicate[d] that Reed sent three letters of complaint" and "filed internal prison grievances." *Reed v. McBride*, 178 F.3d 849, 854 (7th Cir. 1999).  The defendants in *Reed* did not deny receiving the letters, affirmatively acknowledged receipt of two of three letters, and they did not deny "that they were aware of the conditions to which Reed was subjected." *Id.*

The facts alleged in support of Mr. Chambers' claims are distinguishable from the above cases.  Prison officials are liable for deliberate indifference when they *knowingly* fail to respond to an inmate's requests for help.  Each of the above cases rely on the existence of evidentiary documentation, as opposed to conclusory allegations, that the plaintiff actually sent a letter or letters to prison officials informing them of their medical circumstances.  Mr. Chambers has not identified any actual letter or other documentation, detailing his medical circumstances, that was in fact sent or attempted to be sent to Defendants Adams or Feather.  Mr. Chambers only refers his grievances and/or appeals of the denial of his grievances, supported only by conclusory

allegations that each of the Defendants had knowledge.  Therefore, because neither Adams nor Feathers have been shown to have had personal involvement in any deprivation of Mr. Chambers' constitutional rights, Mr. Chambers' Objection No. I is overruled.

## II. Recommendation that Leave to Amend the Complaint be Denied

Mr. Chambers next objects to the recommendation that leave to amend be denied as futile.  The Magistrate Judge's recommendation that leave to amend be denied as futile is based on the fact that Mr. Chambers is unable to sufficiently allege that Defendants Adams and Feathers had personal involvement in the deprivation of a constitutional right.  The Magistrate Judge's recommendation was made after consideration of both the Complaint and Mr. Chambers' Response to the Motion to Dismiss.  After the Motion to Dismiss was filed, the Magistrate Judge explicitly provided Mr. Chambers with the opportunity to respond to the Motion by filing an Amended Complaint, which he did not do.  ECF No. 34.

In his Objection, Mr. Chambers does not demonstrate that he would be able to state a claim upon which relief can be granted such that an amendment would not be futile.  Instead, he merely cites the legal standards for permitting a plaintiff to amend his complaint.  Likewise, in two successive Motions seeking Leave to file an Amended Complaint, Mr. Chambers only cited the law regarding permitting amendments, rather than attempting to show that his proposed amendment stated a claim.  He also did not attach a proposed amended complaint.  The Court concludes that, given that Mr. Chambers has not demonstrated that he is able to assert a viable amended claim, that the Magistrate Judge's recommendation to dismiss the claims without leave to amend is sound.  Mr. Chambers' Objection No. II is overruled.

### III.      Objection to Statement Made regarding Defendant Feather

Mr. Chambers objects to the Magistrate Judge's statement made in support of her alternative recommendation to dismiss the claim against Defendant Feather because she is a non-medical defendant who was "not personally involved in the medical decisions regarding Plaintiff's treatment" and "acted in a purely administrative role."   ECF No. 50, at 9 (citing *Fantone v. Herbik*, 528 F. App'x 123, 128 n. 6 (3d Cir. 2013)).   Thus, the alternative legal ground for dismissing the claim against Feather is that she was not deliberately indifferent to Plaintiff's serious medical needs, as she was not personally involved in the medical decisions. Mr. Chambers does not overcome the fact that as a non-medical defendant, Feather was not involved in medical decision-making.   He attempts to argue that Feather's non-medical decisions are medical, based on her knowledge of Mr. Chambers' medical circumstances.   Under the facts alleged in this case the Court disagrees.   As explained above, the only information Feather received was related to Mr. Chambers' grievances.   Mr. Chambers' Objection No. III is overruled.

### IV.      Conclusion

The Court overrules Mr. Chambers' Objections.   The Court accepts the Magistrate Judge's Report and Recommendation.   The Court also accepts the Magistrate Judge's legal analysis, as supplemented herein.   The Commonwealth Defendants' Motion to Dismiss will be granted, the claims against the Commonwealth Defendants will be dismissed with prejudice and leave to amend the dismissed claims will be denied as futile.

Accordingly, the following Order is hereby entered.

## **ORDER**

AND NOW, this 14th day of December 2023, IT IS ORDERED that the Report and Recommendation, ECF No. 50, filed on July 31, 2023, as supplemented by this Opinion addressing Plaintiff's Objections, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that the Commonwealth Defendants' Motion to Dismiss, ECF No. 32, is GRANTED.  All claims asserted against Defendant Melinda Adams and all claims asserted against Defendant Karen Feather are dismissed, with prejudice.  Leave to amend the complaint is denied, as such would be futile.

This matter is returned to the Magistrate Judge for further proceedings.


 s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:     Jeffrey R. Chambers, pro se
        NQ-7363
        SCI Mercer
        801 Butler Pike
        Mercer, PA 16137